UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
KERRIANNE FORTIN,                    :    Civil Action No.
        Plaintiff,                :
                                     :
v.                                   :
                                     :
SHAW'S SUPERMARKETS, INC.,           :
        Defendant.                :
_____:

# COMPLAINT

I.   Introduction

    1.   This is an action brought by Plaintiff Kerrianne Fortin under the Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and Section 502 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, for wrongfully denied short-term disability benefits by Defendant, Shaw's Supermarkets, Inc. Pursuant to Section 502(a)(1)(B) of ERISA, Plaintiff seeks recovery of these short-term disability benefits, attorney's fees and costs, and any other relief deemed proper by this Court.

II.  Jurisdiction and venue

    2.   The jurisdiction of this Court is invoked pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and Section 502 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132.

    3.   The venue of this Court is invoked pursuant to 28 U.S.C. § 1391, in that the Defendant resides in this judicial district.

III. Parties

    4.   Plaintiff Kerrianne Fortin is an adult resident of North Smithfield, Rhode Island.

5. Defendant, Shaw's Supermarkets, Inc. ("Shaw's") is a supermarket food store chain and an employer within the meaning of section 301. Shaw's principal office is in West Bridgewater, Massachusetts.

IV. Facts

6. Plaintiff is a full-time employee of Shaw's supermarket located in Woonsocket, Rhode Island. She is also a member of Local 791, United Food and Commercial Workers Union ("Local 791"), the union which represents employees at various stores located in Southeastern Massachusetts and Rhode Island, including the Woonsocket store.

7. Local 791 and Shaw's have at all times relevant to this matter been parties to a collective bargaining agreement ("CBA") covering terms and conditions of employment for employees in the stores set forth in paragraph 5 of this complaint. Plaintiff is covered under the terms of this CBA.

8. Article 10, Section 2(A)(1) of the CBA provides that Shaw's "will provide full-time Employees with one (1) year of service, Short Term Disability (STD) by insurance or otherwise) in an amount equal to two-thirds of a normal hour's pay with the maximum of $10.00 per hour for 26 weeks, effective after the Employee has exhausted Company sick leave, subject to the terms of the applicable insurance policy." Article 10, Section 2(A)(2) provides that "Full-time Employees may elect at employment, within 30 days of a qualified family or employment status change, or during the annual enrollment period to purchase Supplemental STD to increase the maximum hourly benefit to 2/3's of hourly rate with a maximum of $25.00 per hour, subject to the terms of the applicable insurance policy."

9. Article 10, Section 7 of the CBA provides that "neither the provisions of this Article nor any question as to the application or interpretation of any said programs may be made the

subject of a grievance or arbitrable under this Agreement except disputes concerning determination of employer contribution rates to the Trust which shall be the subject of expedited arbitration."

10. Pursuant to Article 10, Section 2, Shaw's maintains a Short Term Disability Plan ("Plan") that is administered by CIGNA Group Insurance ("CIGNA").

11. Plaintiff stopped working on or about September 26, 2011 due to a serious injury to her left ankle that prevented her from standing for extended periods.

12. In early October 2011, Plaintiff submitted a claim for short-term disability benefits with CIGNA based on her inability to perform her job duties at Shaw's.

14. On or about November 29, 2011, Shaw's, through its Plan Administrator, denied Plaintiff's claim for short-term benefits, claiming that Plaintiff failed to satisfy the Plan's definition of disability.

15. In fact, Plaintiff continued to be disabled and unable to perform the material duties of her occupation as a result of her ankle injury through November 7, 2011, when she returned to work.

16. Plaintiff supplied CIGNA with proper and sufficient medical documentation to substantiate her disability for the period from September 26, 2011 to November 7, 2011.

17. Despite the clear medical evidence substantiating Plaintiff's disability and her eligibility for short-term disability benefits under the Plan, Defendant arbitrarily and capriciously terminated Plaintiff's short-term disability benefits.

18. Thereafter, Plaintiff exhausted the internal appeal and review procedures under the Plan.

## COUNT I
## ( 29 U.S.C. § 185)

19. Plaintiff incorporates and realleges the allegations of paragraphs 1-18 the Complaint.

20. Defendant violated Plaintiff's rights under the CBA and the Plan by arbitrarily and capriciously denying Plaintiff short-term disability benefits that she was entitled to under the terms of the CBA and the Plan.

## COUNT II
## ERISA (29 U.S.C. §1132)

21. Plaintiff incorporates and realleges the allegations of paragraphs 1-20 of the Complaint.

22. Defendant violated 29 U.S.C. §1132 by arbitrarily and capriciously denying Plaintiff short-term disability benefits that she was entitled to under the Plan.

WHEREFORE, Plaintiff prays for:

A. Judgment that Defendants are liable to Plaintiff under the terms of the CBA and ERISA for unpaid short-term disability benefits from on or about September 26, 2011 through November 7, 2011;

B. An award of reasonable costs and attorney's fees for the prosecution of this suit to be paid by Defendant as permitted by 29 U.S.C. §1132;

C. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

KERRIANNE FORTIN,
By her attorneys,

/s/ Timothy D. Zessin
Timothy D. Zessin, BBO #677612
PYLE ROME EHRENBERG PC
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200
tzessin@pylerome.com

Dated: March 26, 2012