UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERRIANNE FORTIN,<br>            Plaintiff<br><br>v.<br><br>SHAW'S SUPERMARKETS, INC.,<br>            Defendant | Civil Action No. 1:12-cv-10548 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Shaw's Supermarkets, Inc. ("Defendant") hereby responds to the allegations contained in Plaintiff's Complaint (the "Complaint") as follows:

### I.   Introduction

1.   Paragraph 1 states conclusions of law and requests for relief to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 1 of the Complaint.

### II.   Jurisdiction and Venue

2.   Paragraph 2 states conclusions of law to which no response is required.

3.   Paragraph 3 states conclusions of law to which no response is required.

### III.   Parties

4.   Defendant admits that Plaintiff is an adult but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint.

5.   Defendant admits that it is a supermarket food chain and that it maintains its headquarters in West Bridgewater, Massachusetts.  Further answering, Defendant states that

Plaintiff's assertion that it is an employer within the meaning of section 301 of the Labor Management Relations Act is a conclusion of law to which no response is required.

## IV. Facts

6. Defendant admits it employs Plaintiff in a supermarket located in Rhode Island, but denies the allegation that she is employed at a store located in Woonsocket, Rhode Island. Further answering, Defendant states the remaining allegations in the first sentence of paragraph 6 of the Complaint state conclusions of law to which no answer is required. Defendant admits the allegations in the second sentence of paragraph 6 of the Complaint, except it denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is currently a member of United Food and Commercial Workers Union Local 791 ("Local 791").

7. Defendant admits that it and Local 791 are parties to a collective bargaining agreement (the "CBA"), and that Plaintiff is a part of the bargaining unit represented by Local 791. Further answering, Defendant states that the CBA is a document which speaks for itself, and denies any characterization or mischaracterization of the CBA in paragraph 7 of the Complaint.

8. Defendant states that the CBA is a document which speaks for itself, and denies any characterization or mischaracterization of the CBA in paragraph 8 of the Complaint.

9. Defendant states that the CBA is a document which speaks for itself, and denies any characterization or mischaracterization of the CBA in paragraph 9 of the Complaint.

10. Defendant admits that it maintains a short-term disability ("STD") program administered by CIGNA, which satisfies its obligations pursuant to the CBA.

11. Defendant denies the allegations in paragraph 11 of the Complaint, but Defendant admits that Plaintiff went out of work on September 25, 2011.

12. Defendant denies the allegations in paragraph 12 of the Complaint, but Defendant admits that Plaintiff submitted a claim for short-term disability benefits in or about early October 2011.

13. The Complaint does not contain a paragraph 13.

14. Defendant admits that on or about November 29, 2011, CIGNA, as the claims administrator of the STD program, denied Plaintiff's claim for STD benefits. Further answering, the letter dated November 29, 2011 from CIGNA to Plaintiff is a document which speaks for itself, and Defendant denies any mischaracterization of that document in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint, but admits that Plaintiff returned to work on or about November 7, 2011.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

### COUNT I
### (29 U.S.C. § 185)

19. Defendant repeats and incorporates herein by reference its responses to the allegations of paragraphs 1-18 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

## COUNT II
## ERISA (29 U.S.C. §1132)

21. Defendant repeats and incorporates herein by reference its responses to the allegations of paragraphs 1-20 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker and the plan documents at issue in this case.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to any compensatory relief sought in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she seeks benefits that are not expressly provided for under the terms of a relevant employee benefit plan.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant complied with the terms of the applicable contract.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Defendant acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Defendant did not induce, commit, or otherwise participate in any allegedly wrongful act or omission.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims for wrongful denial of benefits are brought pursuant to any collective bargaining agreement, those claims are preempted by the Employee Retirement Income Security Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Defendant respectfully requests that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Defendant;

3. The Court award Defendant its attorneys' fees and costs pursuant to applicable law.

4. The Court award such other and further relief as it may deem just and proper.

> Respectfully submitted,
>
> Shaw's Supermarket, Inc.,
> By its attorneys,
>
>
> /s/ Kevin M. Sibbernsen
> Andrew C. Pickett (BBO #549872)
> Kevin M. Sibbernsen (BBO #675654)
> Jackson Lewis LLP
> 75 Park Plaza
> Boston, MA 02116
> (617) 367-0025; FAX (617) 367-2155
> E-MAIL: picketta@jacksonlewis.com
>             sibbernk@jacksonlewis.com

Date:   April 23, 2012

## **CERTIFICATE OF SERVICE**

       This is to certify that on April 23, 2012 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                                            /s/ Kevin M. Sibbernsen
                                                                            Jackson Lewis LLP

4844-8669-9023, v.  1